FILED
2024 Mar-13 AM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL PARRISH,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:23-cv-1230-RDP** |
| | } | |
| **JEFFERSON COUNTY COMMISSION,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendant's Motion to Dismiss, or Alternatively for More Definite Statement. (Doc. # 7). The Motion has been fully briefed. (Docs. # 9, 10). For the reasons discussed below, the Motion is due to be granted in part.

## I. Background

Plaintiff, Michael Parrish, alleges that he was hired by Defendant, Jefferson County Commission, as Tire Shop Supervisor in August 2017. (Doc. # 1 at ¶ 12).

In 2019, Plaintiff applied for the position of Maintenance Supervisor. (*Id*. at ¶ 13). He alleges his competition for the position, Jacob Moore, issued him a fraudulent disciplinary action. (*Id*.). Plaintiff contends Moore was not his supervisor at the time. (*Id*.). Ultimately, Plaintiff did not receive the position. (*Id*.).

Eventually, on some unspecified date, Plaintiff received the Highway District Maintenance Superintendent position. (*Id*. at ¶ 14). His supervisor was Heather Carter, a white female. (*Id*.). Plaintiff asserts that Carter prevented him from being trained in the duties of the Maintenance Superintendent position and prevented him from performing the duties of that position. (*Id*.) He

claims that, because of that interference, on another unspecified date he received a poor performance evaluation. (*Id*.).

Plaintiff alleges that he was assigned engineering duties and other duties outside of his classification. (*Id*. at ¶ 15). He complained to his supervisor, but was instructed to perform the duties anyway. (*Id*.). He was also denied the opportunity to consult an engineer. (*Id*.). Plaintiff was then reprimanded by Carter for not completing tasks properly and received poor performance evaluations on more unspecified dates. (*Id*. at ¶ 16). He was removed from the Highway District Maintenance Superintendent position in 2019. (*Id*.).

The allegations of Plaintiff's Complaint then jump to January 2023, when Plaintiff was demoted to Tire Shop Supervisor. (*Id*. at ¶ 17). Plaintiff filed multiple "inquiries" with HR and the Personnel Board about this demotion to Tire Shop Supervisor and his previous demotion. (*Id*.). Carter then told him that he would be disciplined for insubordination if he continued to make inquiries about his demotions. (*Id*.). Plaintiff made no further inquiries, but Carter issued him a disciplinary action anyway. (*Id*.).

Plaintiff identifies female employees Dayla Baugh and L'Tanya Blackmon as having been treated more favorably than him. (*Id*. at ¶ 18).

The remaining allegations of Plaintiffs Complaint are conclusory and devoid of factual information.

Plaintiff filed an EEOC charge of discrimination, which he signed on April 8, 2023. (Doc. # 9-1). On June 21, 2023, the EEOC issued a Determination and Notice of Right to Sue. (Doc. # 1-2). Plaintiff's Complaint was filed on September 18, 2023. (Doc. # 1).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III. Analysis**

Based on these bare-boned allegations, Plaintiff's Complaint asserts five causes of action: (1) Count I - Retaliation in Violation of Title VII; (2) Count II - Sex Discrimination In Violation Of Title VII; (3) Count III - Sex-Based Hostile Work Environment in Violation of Title VII; (4) Count IV - Retaliatory Hostile Work Environment in Violation of Title VII; and (5) Count V - 14th Amendment Due Process in Violation of 42 U.S.C. § 1983. (Doc. # 1 at ¶¶ 25-68).

Defendant moved to dismiss Plaintiff's Complaint or, alternatively, for a more definite statement of his claims. (Doc. # 7). Defendant asserts that Plaintiff's Complaint should be dismissed (1) because he failed to timely serve Defendant and failed to explain his late service; (2) because he failed to exhaust his administrative remedies by filing a timely EEOC charge; and (3) because it is a shotgun pleading. (*Id*.).

There are clearly deficiencies in Plaintiff's pleading. He asserts a Title VII retaliation claim but has not alleged facts showing that he engaged in any protected conduct under that statute. (Doc. # 1 at 6-8). An "inquiry" is neither a complaint of discriminatory or retaliatory treatment nor opposition to discriminatory or retaliatory treatment. Plaintiff also asserts a continuing violation, but there are no plausible (*i.e*., non-conclusory) factual allegations that any conduct occurred between 2019 and 2023. (*Id*. at 8-12). Moreover, Plaintiff impermissibly adopts and re-alleges every factual allegation into every count in the Complaint. (*Id*. at ¶¶ 25, 34,43, 52, 60).

Shotgun pleadings violate Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291,

1294-95 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland*, 792 F.3d at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to ... give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("[W]e 'have little tolerance for shotgun pleadings.'"). Plaintiff's Complaint falls into each of the first three categories.

A court faced with a shotgun pleading has the inherent authority to demand, and if necessary *sua sponte* demand, repleader of such a complaint under Rule 12(e). *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We also remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."). Here, Defendant has moved to dismiss and, alternatively, requested the court to order a more definite statement.

The Eleventh Circuit strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead the case—even if the other party does not move the

court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358. Therefore, the court will require Plaintiff to replead any viable claims in his Complaint.

## IV. Conclusion

For all these reasons, Defendant's Motion to Dismiss, or Alternatively for More Definite Statement (Doc. # 7) is **GRANTED IN PART**. Plaintiff's current Complaint (Doc. # 1) is **STRICKEN**.

**On or before March 29, 2024**, Plaintiff **SHALL** file an amended Complaint which remedies the shotgun pleading issues discussed above. The Amended Complaint **SHALL** comply with Federal Rules of Civil Procedure 8(a),[1] 8(d)(1),[2] and 10(b).[3] Each count in the Amended Complaint **SHALL** contain no more than one discrete claim for relief. The Amended Complaint must also contain plausible and non-conclusory allegations of fact which support each discrete claim.

**DONE** and **ORDERED** this March 13, 2024.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Rule 8(a) **Claims for Relief.** A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

[2] Rule 8(d) **Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.** (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

[3] Rule 10 **Form of Pleadings.** (**b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.