UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL PARRISH,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:23-cv-1230-RDP |
| **JEFFERSON COUNTY COMMISSION,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This matter is before the court on Motion to Dismiss Plaintiff's Amended Complaint. (Doc. # 13). Plaintiff has responded to the Motion. (Docs. # 16, 18). After careful review, and for the reasons discussed below, the Motion is due to be granted.

**I.   Background**

Plaintiff, Michael Parrish, was hired by Defendant, Jefferson County Commission, as Tire Shop Supervisor in August 2017. (Doc. # 12 at ¶ 12).

In 2019, Plaintiff applied for the position of Maintenance Supervisor. (*Id*. at ¶ 13). He alleges his competition for the position, Jacob Moore, issued him a fraudulent disciplinary action. (*Id*.). Plaintiff contends Moore was not his supervisor at the time. (*Id*.). Ultimately, Plaintiff did not receive the position. (*Id*.).

Eventually, on some unspecified date, Plaintiff received the Highway District Maintenance Superintendent position. (*Id*. at ¶ 14). His supervisor was Heather Carter, a white female. (*Id*.). Plaintiff asserts that Carter prevented him from being trained in the duties of the Maintenance Superintendent position and prevented him from performing the duties of that position. (*Id*.) He

claims that, because of that interference, on another unspecified date he received a poor performance evaluation. (*Id.*).

Plaintiff alleges that he was assigned engineering duties and other duties outside of his classification. (*Id.* at ¶ 15). He complained to his supervisor "that he was not an engineer," but was instructed to perform engineering duties anyway. (*Id.*). He claims was also denied the opportunity to consult an engineer. (*Id.*). Plaintiff was then reprimanded by Carter for not completing tasks properly and received poor performance evaluations on more unspecified dates. (*Id.* at ¶ 16). He was removed from the Highway District Maintenance Superintendent position in 2019. (*Id.*).

The allegations of Plaintiff's Complaint then jump to January 2023, when Plaintiff was demoted to Tire Shop Supervisor. (*Id.* at ¶ 17). Plaintiff filed multiple "inquiries" with HR and the Personnel Board about this demotion to Tire Shop Supervisor and a previous demotion. (*Id.*). He does not allege the content of these inquiries. (*Id.*). Carter then told him that he would be disciplined for insubordination if he continued to make inquiries about his demotions. (*Id.*). Plaintiff made no further inquiries, but Carter issued him a disciplinary action anyway. (*Id.*).

Plaintiff identifies female employees Dayla Baugh and L'Tanya Blackmon as having been treated more favorably than him. (*Id.* at ¶ 18).

Plaintiff's Amended Complaint is virtually identical to his original Complaint. (Compare Doc. # 1 with Doc. # 12). In fact, as best the court can tell, the only changes are: (1) two returns were added at the top of the second page, (2) a sentence was added at the end of paragraph 13, (3) a word was added at the beginning of paragraph 14, and (4) the first sentence of each count adopting and re-alleging "paragraphs one (1) through twenty-four (24) as if fully set forth herein" was deleted. However, the Amended Complaint remains devoid of virtually any plausible factual allegations, and no factual allegations were added from the original Complaint.

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III.    Analysis**

Plaintiff's Amended Complaint contains the same claims as his original Complaint, with the only change being that he no longer adopts and reincorporates all of the conclusory factual allegations from paragraphs 1 through 24 into each count. Plaintiff's Amended Complaint asserts five causes of action: (1) Count I - Retaliation in Violation of Title VII; (2) Count II - Sex Discrimination In Violation Of Title VII; (3) Count III - Sex-Based Hostile Work Environment in Violation of Title VII; (4) Count IV - Retaliatory Hostile Work Environment in Violation of Title VII; and (5) Count V - 14th Amendment Due Process in Violation of 42 U.S.C. § 1983. (Doc. # 12 at ¶¶ 25-63).

Plaintiff's Title VII retaliation claim is due to be dismissed because nowhere has he plausibly alleged that he engaged in any protected conduct. Plaintiff claims that he was retaliated against for his "objections to unlawful gender discrimination." (Doc. # 12 at ¶ 25). But he has failed include any factual allegations (plausible or otherwise) regarding the nature of his alleged objections.[1]

Plaintiff's Title VII sex discrimination claim is due to be dismissed because he alleged no facts (plausible or otherwise) regarding the alleged "disciplinary write-ups, poor performance reviews, [] demot[tion], [] reduction in pay, and [] threats of disciplinary action." (*See* Doc. # 12, generally). He also has not alleged that the female employees he names as comparators were similarly situated to him, nor does he identify the conduct they engaged in that was allegedly similar to his. (*Id.*).

---

[1] As this court previously informed Plaintiff and his counsel, "An 'inquiry' is neither a complaint of discriminatory or retaliatory treatment nor opposition to discriminatory or retaliatory treatment." (Doc. # 11 at 4).

Plaintiff's Title VII sex-based hostile work environment claim is due to be dismissed because he has not alleged any facts (plausible or otherwise) regarding the conduct that made up the alleged hostile environment. (*Id.*).

Plaintiff's Title VII retaliatory hostile work environment claim is due to be dismissed because he has not plausibly alleged that he engaged in any protected conduct, nor does he allege any facts (plausible or otherwise) regarding the conduct that made up the alleged hostile environment. (*Id.*).

Plaintiff's Fourteenth Amendment Due Process claims advanced under § 1983 is due to be dismissed because it is wholly devoid of any factual content regarding why his demotion, suspension, reduction in pay, and discipline violated his due process rights. (*Id.*). This claim is also due to be dismissed for another reason: "§ 1983 is not a vehicle for remedies for Title VII violations[.]" *Pate v. Chilton Cnty. Bd. of Educ.*, 853 F. Supp. 2d 1117, 1129 (M.D. Ala. 2012) (citing *Middlesex Cnty. Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 20– (1981) (§ 1983 claims are precluded when Congress has provided a comprehensive and exclusive remedy in other statutes)). "While Congress has abrogated immunity for money damage suits brought under Title VII, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976), it has not abrogated Eleventh Amendment immunity for claims brought under § 1981, by and through the remedial vehicle of § 1983." *Batley v. Bishop State Cmty. Coll.*, 2020 WL 3948973, at *4 (S.D. Ala. Apr. 28, 2020), *report and recommendation adopted*, 2020 WL 3895774 (S.D. Ala. July 10, 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979) and *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Plaintiff is not entitled to another opportunity to amend. The Eleventh Circuit has held that "[i]n the special circumstance of non-merits dismissals on shotgun pleading grounds, we have

required district courts to *sua sponte* allow a litigant *one* chance to remedy such deficiencies." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (emphasis added). This court *required* Plaintiff to file an Amended Complaint. (Doc. # 11). Thus, Plaintiff, who is represented by counsel, has already had a second opportunity to draft a Complaint that complies with federal pleading standards. He has failed to do so.

The Eleventh Circuit has also "held that a 'district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.'" *Vibe Micro*, 878 F.3d at 1295 (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). "After [] one [] opportunity to replead comes and goes, *Daewoo's* rule operates to allow the district court to dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend." (*Id*. (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)). Plaintiff was allowed an opportunity to replead and he still has not filed a compliant Complaint. Nor has he asked for another opportunity to replead in response to Defendants' current Motion. And, as noted there are a number of other deficiencies related to this current pleading. Therefore, Plaintiff's Amended Complaint is due to be dismissed for all these reasons. *Daewoo*, 314 F.3d at 542.

**IV.     Conclusion**

For all the reasons explained above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 13) is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this June 25, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE